IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME JACKSON,

    Petitioner,        No. CIV S-09-0618 DAD P

  vs.

JOHN W. HAVILAND,

    Respondent.       FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition before this court petitioner challenges the sentence imposed by the Sacramento County Superior Court on November 16, 2006 pursuant to a plea bargain in which petitioner pled no contest to two counts of assault with a deadly weapon in violation of California Penal Code § 245(a)(1). Pursuant to that plea agreement, petitioner also admitted enhancement allegations for inflicting great bodily injury under circumstances involving domestic violence in violation of California Penal Code § 12022.7(e) and having a prior serious felony conviction within the meaning of the Three Strikes Law pursuant to California Penal Code § 667(a). Petitioner seeks federal habeas relief on the ground that he received ineffective assistance of counsel.

/////

Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

BACKGROUND

I. Plea Bargain

On September 14, 2006, petitioner entered a plea of not guilty to various charges brought against him, including attempted murder, stemming from an alleged domestic assault. (Reporter's Transcript on Appeal (RT) at 11; Clerk's Transcript on Appeal (CT) at 93-95.) At that time petitioner also denied an alleged prior conviction for a three strikes offense. (Id.)

On the same day, petitioner through his attorney of record, filed a motion to dismiss the alleged strike pursuant to California Penal Code § 1385 (hereinafter "§ 1385 motion") in which he sought a discretionary dismissal based on the facts that he not been convicted of a felony for ten years prior to the then-current allegations, that he had been sentenced to prison only once, and that his prior felony strike in 1988 was not serious enough to merit a prison sentence. (CT at 112-119.)

At a hearing in the Sacramento County Superior Court on September 18, 2006, the prosecutor argued that petitioner faced up to twenty-nine years in prison if he went to trial on the attempted murder charge and was convicted. (RT at 18-19.) The prosecutor also stated that, given petitioner's criminal history, the prosecution would "argue strenuously" for the maximum sentence to be imposed if that occurred. (Id.) Alternatively, the prosecutor offered petitioner a plea bargain pursuant to which he would plead to the assault with a deadly weapon charge and serve a sentence of fifteen years imprisonment, with credit for one year's time already served. (Id. at 21-22.) The court noted that the plea offer was being made in open court and advised petitioner: "You have excellent counsel, you are fortunate in that regard, and you can talk to him and he can answer any questions that you have." (Id. at 23.)

/////

/////

1   As to the then-pending § 1385 motion, petitioner's counsel informed the court as
2 follows:

> I have filed a motion to strike the strike, and that's something Mr.
> Jackson wanted done as soon as possible.  It is a little premature at
> this point because there is no decision on guilt for this case, but I
> did file it and put my arguments in there about the age of the prior
> and his conduct since.

(Id. at 26.)

Later in the hearing, and after further discussion with his attorney, pursuant to plea agreement petitioner entered a no contest plea to assault with a deadly weapon and admitted an enhancement for personally inflicting great bodily injury under circumstances involving domestic violence.  (RT at 39-40.)  Notwithstanding the then-pending §1385 motion, petitioner also admitted a prior strike.  (Id. at 40.)

Pursuant to this plea agreement entered into by the parties, on November 16, 2006, petitioner was sentenced to 15 years in prison in keeping with the agreement.  (CT at 167.)

II.     Appeal

Petitioner appealed his judgment of conviction to the California Court of Appeal for the Third Appellate District.  (Resp't's Lod. Doc. 1.)  On appeal, petitioner argued that he was denied his constitutional rights to a speedy trial and due process.  (Resp't's Lod. Doc. 2.)  He also argued that the trial court abused its discretion in failing to dismiss petitioner's prior felony strike pursuant to California Penal Code § 1385.  (Id. at 4.)  He did not argue on appeal that he had received ineffective assistance of counsel.  On October 31, 2007, petitioner's judgment of conviction was affirmed on appeal in a reasoned opinion.  (Resp't's Lod. Doc. 3.)

As to petitioner's claim regarding the § 1385 motion, the California Court of Appeal reasoned as follows:

> Defendant's final claim is that the court abused its discretion in
> denying defendant's motion to dismiss his strike prior pursuant to
> Penal Code section 1385.  On September 14, 2006, defense counsel
> filed a motion to dismiss the strike allegation pursuant to Penal
> Code section 1385.  At the time, defendant had not yet changed his

3

      plea to no contest. Four days later, defendant entered into a plea agreement in which he agreed to a stipulated term of 15 years, based on a three-year middle term for assault with a deadly weapon, doubled to six years under the three strikes law, five additional years for the prior serious felony conviction, and an additional four years for the domestic violence enhancement. Before defendant decided to accept the offer, defense counsel noted the recently filed Penal Code section 1385 motion "is a little premature at this point because there is no decision on guilt for this case, but I did file it and put my arguments in there about the age of the prior and his conduct since."

      The motion was never mentioned at sentencing. The principle that failure to renew a motion constitutes a waiver or an abandonment has been applied in a wide variety of contexts. (See People v. Kenner (1990) 223 Cal.App.3d 56, 62 [failure to renew a pending motion for self-representation under Faretta v. California (1975) 422 U.S. 806 [45 L.Ed.2d 562]]; People v. Murtishaw (1989) 48 Cal.3d 1001, 1036-1037 [failure to renew motion to exclude a victim from the courtroom].) Defendant's failure to renew the motion at sentencing forfeits the claim on appeal.

(Id.)

      Petitioner then filed a petition for review in the California Supreme Court, making the same three arguments he had presented to the state appellate court. (Resp't's Lod. Doc. 4.) Under the heading "Conclusion," in his petition for review petitioner stated:

      The plea should be reversed to correct constitutional violation, on all three arguments, supra. Further, respondant [sic] contention of the 1385 motion, has no merit, because the motion was filed prior to sentencing, but was overlooked by defense counsel and the court, but this does not constitute a waiver or an abandonment or forfeits. If this is the case before us, <u>this would bring us to another issue of Ineffective Assistance of Counsel (I.A.C.) which is an arguable error.</u>

(Id. at 6) (emphasis added). The California Supreme Court summarily denied the petition for review on January 16, 2008. (Resp't's Lod. Doc 4.)

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

      A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860,

4

861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Title 28 U.S.C. § 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 513 F.3d 1002, 1013 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

/////

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

II. Petitioner's Claim

A.   Exhaustion

Respondent argues that petitioner's ineffective assistance of counsel claim is unexhausted because he failed to present it to the California Court of Appeal and, in his petition for review to the California Supreme Court, only mentioned it in passing. See Casey v. Moore, 386 F.3d 896, 918 (9th Cir. 2004 (federal constitutional claims not exhausted where raised for first and only time to state's highest court on discretionary review). (Answer at 6.) The undersigned agrees that the record before this court establishes that petitioner has failed to exhaust his ineffective assistance of counsel claim.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  This requires petitioner to have "characterized the claims he raised in state proceedings specifically as federal claims."  Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (emphasis in original) (internal citation omitted).  "In short, the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation.  Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion."  Id. (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).

Here, not only did petitioner raise his ineffective assistance claim for the first time on discretionary review to the California Supreme Court, but he referred to the potential claim only briefly and without any citation to authority.  This does not constitute a "full and fair" presentation so as to satisfy the exhaustion requirement.

Respondent correctly notes, however, that a federal court has the power to deny an unexhausted habeas claim on the merits.  28 U.S.C. § 2254(b)(2).  A federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable."  Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).  Accordingly, the undersigned now turns to the merits of petitioner's claim.

B.      Ineffective Assistance

Petitioner alleges that he was denied the effective assistance of counsel.  The United States Supreme Court has enunciated the standards for judging ineffective assistance of counsel claims.  See Strickland v. Washington, 466 U.S. 668 (1984).  First, a defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment.  Id.  at 690.  The court must then determine whether in light of all the circumstances,

the identified acts or omissions were outside the wide range of professional competent assistance. Id. Second, a defendant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. See also United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985); United States v. Schaflander, 743 F.2d 714, 717-718 (9th Cir. 1984)(per curiam).

Here, petitioner argues that his attorney's failure to "renew" the § 1385 motion to strike the prior felony after petitioner had entered his no contest plea pursuant to the plea agreement constitutes ineffective assistance of counsel. (Pet. at 7[1].) Petitioner states that at the September 18, 2006 hearing his "trial counsel apparently took the 1385 motion off the court's calendar and preserved the right to renew the 1385 motion at a later (or, perhaps, an appropriate) time." (Id. at 10.) Petitioner complains that, while his attorney could have sought a § 1385 dismissal of petitioner's prior strike any time before entry of judgment, he failed to pursue this line of defense. Rather, petitioner claims, his attorney advised him to take the plea and then, "to Petitioner's detriment, never renewed the 1385 motion." (Id. at 10-12.)

Petitioner's argument in this regard is disingenuous. It fails to acknowledge that in admitting to a prior strike as part of the plea bargain he entered into, petitioner was clearly giving up his right to contest the prior strike allegation notwithstanding the § 1385 motion previously filed by his counsel. As respondent observes, once petitioner admitted to the prior strike at the time he entered his plea on September 18, 2006, the § 1385 motion was moot. In failing to "renew" the § 1385 motion, petitioner's attorney acted in an objectively reasonable manner. For, it was reasonable to assume that if petitioner attempted to contest the prior felony strike in violation of his plea agreement, the entire plea bargain would unravel and petitioner

---

[1] The court refers to the petition by the page numbers assigned by CM/ECF.

would once again be facing a possible twenty-nine year sentence alluded to by the prosecutor. For this same reason, petitioner's attorney did not prejudice petitioner by failing to renew the § 1385 motion. Because petitioner has no colorable claim for federal habeas relief, his unexhausted petition should be denied on its merits.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus (Doc. No. 1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 12, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
jack0618.hc