IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME JACKSON,

     Petitioner,          No. CIV S-O09-0618 GEB DAD P

  vs.

JOHN W. HAVILAND,

     Respondent.         ORDER

/

       Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises one claim of ineffective assistance of counsel. On August 13, 2010, the magistrate judge assigned to this case issued findings and recommendations which recommended that petitioner's application be denied. The parties were advised that they could file objections to these findings and recommendations within twenty-one days. Neither party filed objections, and judgment was entered denying petitioner's habeas application on September 24, 2010. On the same date that judgment was entered, petitioner filed a request for extension of time to file objections to the findings and recommendations. Petitioner acknowledges that he received the findings and recommendations on August 16, 2010, but he explains that he did not file timely objections because of a lack of access to the law library and his "inability to secure [a] legal assistant."

1

Petitioner's request for an order reopening this case in order to allow him to file late objections to the August 13, 2010 findings and recommendations will be denied. Petitioner has failed to establish good cause for his failure to request an extension of time or file his objections in a timely manner. A legal assistant and access to the law library are not necessary for that purpose.[1]

Accordingly, IT IS HEREBY ORDERED that petitioner's September 24, 2010 request for an extension of time is denied.

Dated: November 2, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] In the context of equitable tolling of the limitations period for filing federal habeas petitions, ignorance of the law and pro se status are insufficient to toll the statute. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"); Sperling v. White, 30 F. Supp.2d 1246, 1254 (C.D. Cal. 1998) (a lack of knowledge of the law is not an "extraordinary circumstance" beyond the petitioner's control sufficient to entitle a petitioner to equitable tolling of the limitations period). Extending this principle to the instant request for extension of time, petitioner has not demonstrated good cause to reopen this case for the purpose of allowing him to file objections to the findings and recommendation.

2